IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOSHUA ERICK WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 119-076 |
| | ) |
| GEORGIA DEPARTMENT OF | ) |
| BEHAVIORAL HEALTH AND | ) |
| DEVELOPMENTAL DIABILITIES and | ) |
| SERENITY BEHAVIORAL SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.  **SCREENING OF THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names as Defendants (1) Georgia Department of Behavioral Health and Developmental Disabilities; and (2) Serenity Behavioral Systems. (See doc. no. 1.) Taking

all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendants will not provide clinical and rehabilitation services to Plaintiff in violation of a January 15, 2009 Americans with Disabilities Act ("ADA") settlement.  (Id. at 4.) Plaintiff requests $864 million in "proactive" relief.  (Id.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Plaintiff Fails to State a Claim Upon Which Relief May be Granted

Plaintiff's complaint fails to satisfy the pleading standard established by Twombly and Iqbal. The factual basis for Plaintiff's complaint consists of a single sentence, which does not attribute the alleged wrongdoing to either Defendant and vaguely references a settlement executed in 2009. (Doc. no. 1, p. 4.) Plaintiff attached two exhibits to his complaint: (1) a letter to Plaintiff from the U.S. Department of Justice Civil Rights Division stating they would take no further action regarding his complaint of an ADA violation; and (2) a letter to Plaintiff from the Augusta, Georgia, office of the Social Security Administration informing Plaintiff he cannot enter the office for any reason because, on December 8, 2017, he threatened personnel he would "have a truck come and take care of all

of you." (Id. at 6-9.) The exhibits do not provide additional details concerning Plaintiff's claims. In short, Plaintiff's complaint amounts to nothing more than a single conclusory allegation and, thus, fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA