IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSHUA ERICK WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-075 |
| SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| JOSHUA ERICK WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-076 |
| GEORGIA DEPARTMENT OF BEHAVIORAL HEALTH and SERENITY BEHAVIORAL SYSTEMS, | * | |
| Defendants. | * | |

### O R D E R

Before the Court are Plaintiff's identical motions to vacate filed in both captioned cases. (CV 119-075, Doc. 23; CV 119-076, Doc. 19.) For the following reasons, the motions are **DENIED**.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed similar actions alleging violations of the Americans with Disabilities Act. (CV 119-075, Compl., Doc. 1, at 3-4; CV 119-076, Compl., Doc. 1, at 3-4.)

Plaintiff asserted entitlement to $91,980,000.00 in CV 119-075 and $864,000,000.00 in CV 119-076. (CV 119-075, Compl., at 4; CV 119-076, Compl., at 4.) United States Magistrate Judge Brian K. Epps screened Plaintiff's complaints and recommended dismissing them for "fail[ure] to state a claim for relief." (R. & R., CV 119-075, Doc. 6, at 2-4; R. & R., CV 119-076, Doc. 5, at 2-4.) Over Plaintiff's objections (Objs., CV 119-075, Docs. 8, 11; Objs., CV 119-076, Docs. 7, 9), the Court adopted the Reports and Recommendations and dismissed the actions. (Order, CV 119-075, Doc. 13; Order, CV 119-076, Doc. 11.)

## II. DISCUSSION

Plaintiff appears to ask the Court to vacate its Orders pursuant to Federal Rule of Civil Procedure 60(b)(1) for excusable neglect. (Mot. to Vacate, CV 119-075, Doc. 23; Mot. to Vacate, CV 119-076, Doc. 19.) Plaintiff, however, misconstrues the rule. Rule 60(b)(1) applies to a party's conduct, not the Court's. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986). Plaintiff's motion offers no excusable neglect on his part. Instead, Plaintiff asserts the Court permitted Plaintiff insufficient time to conduct discovery. Therefore, no relief is warranted under Rule 60(b)(1).

Even construing Plaintiff's motion to vacate liberally as under Rule 60(b)(6), the Court finds no reason to vacate its Orders.  On the Court's interpretation, Plaintiff apparently takes issue with the Magistrate Court screening his complaints and recommending their dismissal at such an early stage.  Pursuant to 28 U.S.C. § 1915(e)(2), "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  Accordingly, the timing concerning the Court's dismissal of Plaintiff's complaints fails to justify relief from the judgments.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions to vacate (CV 119-075, Doc. 23; CV 119-076, Doc. 19) are **DENIED**.  These cases remain closed.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3